972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James H. WHITE; John M. White, individually and as
assignees of Heyco, Incorporated; Thorntonwhite,
Incorporated, Plaintiffs-Appellants,
v.
MARINE MIDLAND Business Loans, Incorporated; Commerical
Credit Business Loans, Incorporated, Defendants-Appellees.
 No. 91-1034.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 7, 1992
Decided: August 11, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-88-392-2-8)
 ARGUED: William Choice Cleveland, Haynsworth, Marion, McKay & Guerard, Charleston, South Carolina, for Appellants.
 Hamilton Osborne, Jr., Sinkler & Boyd, P.A., Columbia, South Carolina, for Appellee Commercial Credit; Paul K. Stecker, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, New York, for Appellee Marine Midland.
 ON BRIEF: Manton M. Grier, Sinkler & Boyd, P.A., Columbia, South Carolina, for Appellee Commercial Credit; Richard S. Rosen, Rosen, Rosen & Hagood, Charleston, South Carolina, for Appellee Marine Midland.
 D.S.C.
 Affirmed.
 Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The appellants, James White, John White, and Thornton-White, Incorporated, appeal the order of the district court granting summary judgment on all their claims arising out of the financing transactions between the business the Whites formerly owned, Heyco, Inc., and the defendants, Commercial Credit Business Loans, Inc. (Commercial Credit), and its successor in interest, Marine Midland Business Loans, Inc. (Marine Midland).[1] The appellants assert that genuine issues of material fact exist which preclude summary judgment on their claims for breach of contract, bad faith, fraud, duress, unfair trade practices, negligent misrepresentation, and civil conspiracy.[2] Our review of the record in this case shows that while Commercial Credit had practiced forbearance in the past with respect to liquidation of overadvances under the financing agreements between it and Heyco, Commercial Credit was in fact entitled, under the terms of the various financing agreements, to declare Heyco in default on those agreements and to terminate the financing arrangement. This right was exercised by letter of October 7, 1985, which specifically stated that Heyco was in default on the financing and other loan agreements and that Commercial Credit desired to end the financing arrangement at the earliest possible date. We conclude on the undisputed facts that Commercial Credit was entitled to declare Heyco in default; therefore, Commercial Credit and its successor, Midland Marine, did not breach the financing agreements. All other claims collapse for lack of such breach. The district court was correct in its decision to grant summary judgment on all claims in favor of the appellees. We affirm on the reasoning of the district court. White v. Marine Midland Business Loans, Inc., C/A No. 2:88-0392-18 (D.S.C. January 2, 1991).
 
 AFFIRMED
 
 
 [1]
 The case was originally referred to a magistrate judge for a report and recommendation on defendants' motions for summary judgment. 28 U.S.C. § 636(b). The district court adopted the report and recommendation in its entirety, except that portion of the report which preserved a possible claim under the North Carolina Unfair Trade Practices Act, N.C. Gen. Stat. § 751.1. 28 U.S.C. § 636(b)(1)(C). The district court determined that summary judgment should also be granted as to this claim
 
 
 [2]
 It is not entirely clear whether appellants have appealed the district court's entry of judgment as to the tortious interference with stock and real estate ownership claims. Little, if any, argument with respect to either claim was presented in the briefs to this court or at oral argument. To the extent those claims are before the court, we affirm the judgment on each for the reasons stated by the district court